# United States Bankruptcy Court

## District of Vermont



Filed & Entered
On Docket
April 17, 2023

In re:
    Randi Lee Taylor,
                      Debtor.

Case Number: 23–10055 hzc
Chapter: 13

Randi Lee Taylor ,
                      Plaintiff.
v.

Navient Solutions, Inc ,
                      Defendant.

Adversary Proceeding
No.: 23–01003 hzc

## SUMMONS

YOU ARE HEREBY SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the Clerk of the Bankruptcy Court within 30 days after the issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

        U.S. Bankruptcy Court
        11 Elmwood Ave
        P.O. Box 1663
        Burlington, VT 05402–1663

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney and to the case trustee if one has been appointed, or to the United States Trustee if no trustee has been appointed in this case.

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Dated of Issuance: April 17, 2023

*/s/ Jeffrey S. Eaton*

Jeffrey S. Eaton, Clerk of Court

United States Bankruptcy Court
District of Vermont
11 Elmwood Ave
P.O. Box 1663
Burlington, VT 05402–1663

Tel. (844) 644–7459
VCIS* (866) 222–8029
* Voice Case Information System
http://www.vtb.uscourts.gov
Form 217 –

This page intentionally left blank

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

INSTRUCTIONS TO PLAINTIFF(S)

Enclosed please find the Summons, the Certificate of Service of Process, an Order on Pre−Trial Deadlines, Scheduling Order Form 7026(f) and an Election for Alternate Dispute Resolution (ADR) form. Within seven days from the date of issuance of the summons, you must serve the summons, complaint, Order on Pre−Trial Deadlines, Scheduling Order Form 7026(f) and the Election for Alternate Dispute Resolution (ADR) form on the defendant(s) in a manner authorized by Federal Rule of Bankruptcy Procedure 7004. If service is not timely made, please contact the court and request a new summons be issued.

After service is made, but not later than the answer due date, file a completed Certificate of Service of Process with the Clerk of the Court.

        U.S. Bankruptcy Court
        11 Elmwood Ave
        P.O. Box 1663
        Burlington, VT 05402−1663

Note: If you wish to dismiss your complaint, you must comply with Federal Rule of Bankruptcy Procedure 7041.

        Jeffrey S. Eaton, Clerk of Court

See Reverse for Certificate of Service of Process

Case 23-01003    Doc    2    Filed 04/17/23    Entered    04/17/23 16:39:59    Desc    Summons    Page    4 of 12

# United States Bankruptcy Court

## District of Vermont

In re:

Randi Lee Taylor,
                        Debtor.

Case Number: 23−10055 hzc
Chapter: 13

Randi Lee Taylor ,
                        Plaintiff.

v.

Navient Solutions, Inc ,
                        Defendant.

Adversary Proceeding
No.: 23−01003 hzc

**CERTIFICATE OF SERVICE OF PROCESS**

**I,_____, certify that at all times during the service of process I was not less than 18 years of age, and not a party to the matter concerning which the service of process was made, I further certify that the service of the summons dated April 17, 2023, along with copies of the complaint, Order on Pre−Trial Deadlines, Scheduling Order Form 7026(f), and the Election for Alternate Dispute Resolution (ADR) form were made on _____ by (check one):**

\_\_\_\_\_ **Mail service:** Regular, First Class United States mail, postage fully pre−paid, addressed to (insert address in space below):

\_\_\_\_\_ **Mail service:** Certified, First Class United States mail, postage fully pre−paid, addressed to (insert address in space below):

\_\_\_\_\_ **Personal Service:** By leaving the process with defendant or with an officer or agent of defendant at (insert address in space below):

\_\_\_\_\_ **Residence Service:** By leaving the process with the following adult at (insert address in space below):

\_\_\_\_\_ **Certified Mail Service on an Insured Depository Institution:** By sending the process by certified mail addressed to the following officer of the defendant at (insert address in space below):

\_\_\_\_\_ **Publication:** The defendant was served as follows: [describe briefly in space below]

\_\_\_\_\_ **State Law:** The defendant was served pursuant to the laws of the State of Vermont, as follows: [describe briefly in space below]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

_____    _____
Date                    Signature
                                _____
                                Print Name
                                _____
                                Business Address
                                _____
                                City/State/Zip

# United States Bankruptcy Court

## District of Vermont



Filed & Entered
On Docket
April 17, 2023

| | |
|---|---|
| In re:<br>    Randi Lee Taylor,<br>                           Debtor. | Case Number: 23−10055 hzc<br>Chapter: 13 |
| Randi Lee Taylor ,<br>                           Plaintiff.<br>v.<br>Navient Solutions, Inc ,<br>                           Defendant. | Adversary Proceeding<br>No.: 23−01003 hzc |

### ORDER ON PRE−TRIAL DEADLINES

1. The Court hereby orders the plaintiff to serve each defendant with this Order on Pre−Trial Deadlines, Scheduling Order Form 7026(f), and the Election for Alternate Dispute Resolution (ADR) form along with the summons and complaint.

2. It is further ordered that all parties shall adhere to the following deadlines:

   A. The Clerk's Office shall set the Court's scheduling conference promptly after the answer is filed.* At least twenty one (21) days before the date set for the Court's scheduling conference, the parties shall meet pursuant to Bankruptcy Rule 7026(f). During this meeting, each party shall notify the opposing party of any curable defects in the pleadings that will be the subject of a motion to dismiss if not cured. Within fourteen (14) days of the meeting, the parties shall jointly file with the Clerk the Scheduling Order – Form 7026(f) ("Form 7026(f)") attached hereto. Failure to conduct a Bankruptcy Rule 7026(f) meeting or to file Form 7026(f) may result in dismissal of the adversary proceeding, entry of a default, imposition of sanctions or other appropriate relief.

   B. In accordance with Bankruptcy Rule 7026(d), formal discovery may not commence until the parties have met as required by Bankruptcy Rule 7026(f). Informal discovery by agreement of the parties is encouraged and may commence at any time. Unless otherwise ordered upon a showing of good cause, discovery shall be completed within ninety (90) days after the date of the notice setting the Court's scheduling conference.

   C. If the parties agree to use the Alternative Dispute Resolution Program ("ADR"), the ADR election form shall be filed within forty−five (45) days of the date of the notice setting the scheduling conference and shall commence within thirty (30) days thereafter.

   D. The ADR report shall be filed within ten (10) days of the conclusion of the ADR session.

   E. All motions relating to joinder of parties, claims or remedies, class certification and amendment of the pleadings shall be filed within thirty (30) days of the date of the notice setting the Court's scheduling conference.

---

*If multiple answers are due, it shall be the date after the last answer is filed or the time for that answer has expired.

    F.    All dispositive motions, including motions for summary judgment, shall be filed within one hundred (100) days after the date of the notice setting the Court's scheduling conference. The filing of such motions shall not stay discovery or extend the time for completing discovery.

3.    Parties can elect not to attend the Court's scheduling conference <u>provided that</u> (i) the parties state in Form 7026(f) that they will not appear at the Court's scheduling conference; (ii) the parties agree on a date for the final pre–trial conference in Form 7026(f); and (iii) the court has issued the Scheduling Order. If the parties will not be utilizing the Court's scheduling conference, the Court, pursuant to Bankruptcy Rule 7016(b), will enter a scheduling order for a final pre–trial conference based upon the parties' Form 7026(f) filed with the Clerk.

4.    Entry of Scheduling Order – Form 7026(f) shall constitute the deadlines for the case. The terms of Scheduling Order – Form 7026(f) supercede the terms of this Order, once it is executed and entered by the Court. The Scheduling Order – Form 7026(f) may be modified on motion or by the Court acting *sua sponte*.

5.    The Court may grant motions for summary judgment without hearing or notice unless the party opposing such motion sets forth specific facts to demonstrate the existence of a genuine issue of material fact for trial, in the manner specified in Bankruptcy Rule 7056 and Vt. Local Bankruptcy Rule 7056–1 and 7056–2.

Dated: April 17, 2023

*Heather Z. Cooper*
Heather Z. Cooper
United States Bankruptcy Judge

United States Bankruptcy Court
District of Vermont
11 Elmwood Ave
P.O. Box 1663
Burlington, VT 05402–1663

Tel. (844) 644–7459
VCIS* (866) 222–8029
* Voice Case Information System
http://www.vtb.uscourts.gov
Form 217 –

# United States Bankruptcy Court

## District of Vermont

In re:
    Randi Lee Taylor,  
                       Debtor.

Case Number: 23−10055 hzc  
Chapter: 13

Randi Lee Taylor,  
                       Plaintiff.

v.

Navient Solutions, Inc ,  
                       Defendant.

Adversary Proceeding  
No.: 23−01003 hzc

### JOINTLY PROPOSED SCHEDULING ORDER

1. Pursuant to Fed. R. Civ. P. 26(f) made applicable by Fed. R. Bankr. P. 7026(f), a meeting was held on _____. The participants were:

   _____    for plaintiff    _____  
   Name of Attorney                                      Name of Party

   _____    for defendant    _____  
   Name of Attorney                                      Name of Party

2. It is agreed that the above captioned adversary proceeding is (choose on):

____ a core proceeding. See 28 U.S.C. § 157(b)(2), over which this Court has constitutional authority to enter an final judgement; or

____ a proceeding related to a case under Title 11 as to which all the parties have consented to the entry of final orders and judgement by this Court pursuant to 28 U.S.C. § 157(c)(2); or

____ a proceeding related to a case under Title 11 as to which all the parties have not consented to the entry of final orders or judgment by this Court, pursuant to 28 U.S.C. § 157(c)(2); or

____ a core proceeding, pursuant to 28 U.S.C. § 157(c)(2), but is one over which, pursuant to Stern v. Marshall, 1325 S. Ct. 56 (2011), this Court lacks constitutional authority to enter a final judgment, and, either:

    (a)    the parties consent to this Court?s entry of a final order, or

    (b)    the parties do not consent to this Court's entry of a final order; and instead seek proposed findings of fact and conclusions of law, analogous to those issued pursuant to 28 U.S.C. § 157(c)(2) and Bankruptcy Rule 9033, consistent with the Amended Standing Order of Reference issued June 28, 2012. (If this applies only to some causes of action, specify which ones.)

3. The parties propose that the following dates govern this adversary proceeding:

   (a) The parties ___ will / ___ will not appear at the Court's scheduling conference. ___ If so, the parties request that the Court not enter a scheduling order pursuant to Fed. R. Bankr. P. 7016(b) until such scheduling conference occurs.

   (b) The parties will make their Fed. R. Bankr. P. 7026(a)(1) disclosures by _____.

   (c) The parties will file all supplements to disclosures and responses, pursuant to Fed. R. Bankr. P. 7026(e), by _____.

   (d) The parties will file all motions relating to joinder of parties, claims, or remedies, class certification, and amendment of the pleadings by _____.

   (e) The parties will complete discovery by _____.

   (f) Alternative Dispute Resolution ___ will / ___ will not be used; if being used, it will commence no later than _____. The parties will file the Alternative Dispute Resolution Report by _____.

   (g) The parties will file all dispositive motions by _____.

   (h) The parties will file a stipulation of fact and a joint final pre–trial statement by _____.

   (i) The parties request a final pre–trial conference not earlier than _____.

4. The parties propose the following changes in the limitations imposed upon discovery pursuant to Fed. R. Bankr. P. 7026: _____.

5. The parties request the following additional items be added to the scheduling or litigation procedures in this proceeding: _____.

_____         _____
Date                                    Attorney for Plaintiff


_____         _____
Date                                    Attorney for Defendant

Order

IT IS HEREBY ORDERED that the dates proposed by the parties, and as set out above, are approved.

IT IS FURTHER ORDERED that the parties shall appear at a final pre–trial conference on
_____in the Bankruptcy Judge's Chambers at the U.S. Bankruptcy Court at
_____, Vermont.

SO ORDERED.

Date:_____           _____
                                                  Heather Z. Cooper
                                                  United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

Dated: April 17, 2023

RE:  Case # 23–10055
     Election of Alternate Dispute Resolution (ADR)

Dear Counsel:

Pursuant to Vermont Local Bankruptcy Rule 9019–2, Alternative Dispute Resolution (ADR), including early neutral evaluation (ENE), may be utilized in adversary proceedings and contested matters filed in the U.S. Bankruptcy Court for the District of Vermont. The ENE provisions of the local rules of the United States District Court, District of Vermont apply in Bankruptcy Court (subject to the modifications set forth in the forms provided to you by the Bankruptcy Court), if you choose to utilize the ADR or ENE programs. However, the use of ADR and ENE is not mandatory in Bankruptcy Court, except when the Court so directs in a particular contested matter or adversary proceeding. Generally, parties will only use ADR or ENE in bankruptcy matters when all parties to the dispute so stipulate.

Please use the Election for Alternative Dispute Resolution (ADR) form found on the reverse side of this sheet for making your election.

If you elect to proceed with ADR, a list of three neutrals will be sent to you within 10 days of filing of your election for ADR.

Please call me at the number below if you have any questions.

United States Bankruptcy Court
(844) 644–7459

# United States Bankruptcy Court

## District of Vermont

In re:
    Randi Lee Taylor,
                      Debtor.

Case Number: 23−10055 hzc
Chapter: 13

Randi Lee Taylor ,
                      Plaintiff.
v.

Navient Solutions, Inc ,
                      Defendant.

Adversary Proceeding
No.: 23−01003 hzc

### Election for Alternative Dispute Resolution (ADR)

Pursuant to Order on Pre−trial Deadlines and Vermont Local Bankruptcy Rule 9019−2, alternative dispute resolution (ADR), including early neutral evaluation (ENE), the parties make the following election:

\_\_\_\_\_ ADR option elected.

\_\_\_\_\_ ADR option declined.
Please provide a brief statement as to why you have chosen not to elect ADR (for statistical purposes):

_____

_____

_____

_____

_____

Date:

PLAINTIFF:
By:_____

DEFENDANT:
By:_____